# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

Filed: January 9, 2026

```
* * * * * * * * * * * * *  *
HENRY GAUVIN,                *      No. 18-480
                             *
          Petitioner,        *      Special Master Young
                             *
v.                           *
                             *
SECRETARY OF HEALTH          *
AND HUMAN SERVICES,          *
                             *
          Respondent.        *
* * * * * * * * * * * * *  *
```

*Ronald Craig Homer*, Conway, Homer, P.C., Boston, MA, for Petitioner;
*Alex Saxe*, United States Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On April 2, 2018, Henry Gauvin ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program. 42 U.S.C. §§ 300aa-10 to -34 (2018)[2] (the "Vaccine Act" or "Program"). Petitioner alleged that the influenza ("flu") and pneumococcal conjugate ("Prevnar 13") vaccines he received on October 31, 2016, caused him to suffer from arthritis. Pet. at 1, ECF No. 1. On December 27, 2024, I issued my decision denying entitlement and dismissing the petition. ECF No. 112.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

On June 30, 2020, Petitioner filed a motion for interim attorneys' fees and costs, requesting $74,734.56 in interim fees and costs. ECF No. 52. On January 19, 2022, Petitioners' motion for interim fees was granted. ECF No. 65.

On July 15, 2025, Petitioner filed a final motion for attorneys' fees and costs. ("Pet'r's Mot. for AFC") (ECF No. 116). Petitioner requests total attorneys' fees and costs in the amount of $90,778.88, representing $63,262.60 in attorneys' fees and $27,504.60 in attorneys' costs. *Id*. at 2. Pursuant to General Order No. 9, Petitioner states that he personally incurred $11.68 in costs related to the prosecution of his petition. *Id*. Respondent responded to the motion on July 22, 2025, stating that Respondent "defers to the court regarding whether the statutory requirements for an award of attorneys' fees and costs are met in this case" and asking the Court to "exercise its discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2, 5 (ECF No. 117). Petitioner did not file a reply.

This matter is now ripe for consideration.

## I.    Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of her or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, although the petition was eventually dismissed, I am satisfied that good faith and reasonable basis have been met in the instant case. Respondent offered no opinion on whether the statutory requirements for an award of attorneys' fees and costs have been met in this case. Accordingly, Petitioner is entitled to a final award of reasonable attorneys' fees and costs.

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

2

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### A.    Reasonable Hourly Rates

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at \*19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules can be accessed online.[3]

I have reviewed the hourly rates requested by Petitioner for the work of his counsel at Conway, Homer, P.C. (the billing records indicate that the majority of attorney work was performed by Ms. Christina Ciampolillo, with supporting work from Mr. Ronald Homer, Mr. Joseph Pepper, Ms. Meredith Daniels, and Nathaniel Enos). The rates requested are consistent with what counsel has previously been awarded for their Vaccine Program work, and I find them to be reasonable herein for work performed in the instant case.

### B.    Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera,* 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton,* 3 F.3d at 1521 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)).

Upon review, I find the overall hours billed to be reasonable. Counsel has provided sufficiently detailed descriptions for the tasks performed, and upon review, I do not find any of the billing entries to be unreasonable. Accordingly, Petitioner is entitled to final attorneys' fees in the amount of $63,262.60.

### C.    Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $27,504.60 in attorneys' costs comprised of acquiring medical records, postage, copies, flash drives, and expert services provided by Samar Gupta, MD. Pet'r's Mot. for AFC, Tab A at 22; Pet'r's Mot. for AFC, Tab B.

---

[3] The OSM Fee Schedules are available at: https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules. The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

Petitioner requests reimbursement for expert services performed by Dr. Gupta at $500.00 per hour for 53.5 hours totaling $26,750.00. Pet'r's Mot. for AFC, Tab at 1, 3, 6, 9. This rate is consistent with what Dr. Gupta has been previously awarded, and I find it reasonable herein. *See Bishara v. Sec'y of Health & Human Servs.*, No. 19-115V, 2024 WL 945728, at *6 (Fed. Cl. Spec. Mstr. Jan. 31, 2024).

Petitioner has provided adequate documentation for these expenses, and they appear reasonable in my experience. Accordingly, Petitioner is awarded the full amount of costs sought.

Finally, Petitioner requests $11.68 for postage. Pet'r's Mot. for AFC, Tab C. Petitioner has provided adequate documentation supporting this cost, and is therefore awarded the full amount sought.

## II.    Conclusion

In accordance with the Vaccine Act, 42 U.S.C. §15(e) (2018), I have reviewed the billing records and costs in this case and find that Petitioner's request for fees and costs is reasonable. Based on the above analysis, I find that it is reasonable to compensate Petitioner and his counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $63,262.60 |
| (Reduction of Fees) | - |
| **Total Attorneys' Fees Awarded** | **$63,262.60** |
| | |
| Attorneys' Costs Requested | $27,504.60 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$27,504.60** |
| | |
| **Total Attorneys' Fees and Costs** | **$90,767.20** |
| | |
| Petitioner's Costs Requested | $11.68 |
| (Reduction of Costs) | - |
| **Total Petitioner's Costs Awarded** | **$11.68** |

**Accordingly, I award following:**

1) **A lump sum in the amount of $90,767.20, representing reimbursement for Petitioner's attorneys' fees and costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

2) **A lump sum in the amount of $11.68, representing reimbursement for Petitioner's personally incurred litigation costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[4]

        **IT IS SO ORDERED**.

s/Herbrina Sanders Young
Herbrina Sanders Young
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.